MONROE, Judge,
dissenting.
I believe that a jury should determine when the Hendrixes should have discovered the alleged fraud. Therefore, I must respectfully dissent.
The Hendrixes discovered that their new policy with Mega Life and Health did not include coverage for outpatient care when Mrs. Hendrix received outpatient treatment, made a claim for that treatment, and the insurance company denied the claim. The Hendrixes complained to the insurance company that their coverage did not include everything they had been told it would, and they received an outpatient rider to their insurance policy in April 1992. At that time, the majority says, the Hendrixes were aware of facts that would have put them on notice of the possibility of fraud.
The Hendrixes argue, however, that they did not realize that the Mega Life and Health policy was only an indemnity policy and not a major medical policy until Mr. Hendrix had heart surgery in 1993 (for which the policy did not pay 80 percent) and lung surgery in 1994. Their policy with Mega Life and Health was titled “Major Hospital Insurance Coverage.” The language used in the policy refers to 80 percent or 100 percent of coverage for various expenses, including regular hospital care, intensive care, surgery, miscellaneous expenses, nursing care, etc. When the agent for Mega Life and Health sold the policy to the Hendrixes, he told them that the policy would replace their old policy, and that the new policy would provide the same benefits as their old policy, which did include major medical coverage.
In light of the language used in the insurance policy and the representations made by *76 Mega Life and Health’s agent, I believe that a jury should determine when the Hendrixes, acting as reasonable people exercising ordinary care, knew or should have known of the alleged fraud regarding what they thought was the major medical portion of their policy. Liberty National Life Insurance Co. v. McAllister, 675 So.2d 1292 (Ala.1995); Hickox v. Stover, 551 So.2d 259 (Ala.1989); Alabama Farm Bureau Mutual Casualty Ins. Co. v. Griffin, 493 So.2d 1379 (Ala.1986).
Because the question of when the Hendrix-es knew or should have known about the alleged fraud should be answered by a jury, I believe that the trial court could not properly enter a summary judgment for Mega Life and Health on the grounds that the Hendrix-es claim is barred by the statute of limita!-tions. Therefore, I dissent.